UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2021 AUG -6 P 3: 15
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CANDICE L. GULLEY, Individually and as a custodial parent of I.G. and B.G., minor children who are now deceased; TOMMY GULLEY as a custodial parent of I.G. and B.G., minor children who are now deceased; DONALD A. BURDETTE as the custodial parent of M.B., a minor child who is now deceased; RANDALL NORMAN and BRENDA NORMAN, as the custodial parents of D.N., a minor child who is now deceased; STUART ALBEA as the Personal Representative of the Estate of H.M.L., a minor child who is now deceased; and JASON RIGGS as the Personal Representative of the Estate of A.N.M., a minor child who is now deceased,<br><br>Plaintiffs,<br><br>v.<br><br>HANSEN & ADKINS AUTO TRANSPORT, INC.; ASMAT INVESTMENT, LLC D/B/A ASMAT EXPRESS; and MAMUYE AYANE TAKELU,<br><br>Defendants. | CASE NO: 2:21-cv-524-ECM-JTA<br><br>**DEMAND FOR JURY TRIAL** |

1

## COMPLAINT

### Statement of the Parties

1. Plaintiff, Candice Gulley, is over the age of nineteen years and is a resident citizen of Tallapoosa County, Alabama. She brings this claim individually and as a custodial parent of I.G. and B.G., her deceased minor children.

2. Plaintiff, Tommy Gulley, is over the age of nineteen years and is a resident citizen of Tallapoosa County, Alabama. He brings this claim as a custodial parent of I.G. and B.G., his deceased minor children.

3. Plaintiff, Donald A. Burdette, is over the age of nineteen years and is a resident citizen of Shelby County, Alabama. He brings this claim as the custodial parent of M.B., a deceased minor child.

4. Plaintiff, Randall Norman, is over the age of nineteen years and is a resident citizen of Madison County, Alabama. He brings this claim as a custodial parent of D.N., a deceased minor child.

5. Plaintiff, Brenda Norman, is over the age of nineteen years and is a resident citizen of Madison County, Alabama. She brings this claim as a custodial parent of D.N., a deceased minor child.

6. Plaintiff, Stuart Albea, is over the age of nineteen years and is a resident citizen of Tuscaloosa County, Alabama, and is the Personal Representative of the Estate of H.M.L.

7. Plaintiff, Jason Riggs, is over the age of nineteen years and is a resident citizen of Lee County, Alabama, and the Personal Representative of the Estate of A.N.M.

8. Defendant Hansen & Adkins Auto Transport, Inc. ("Hansen") is a citizen of California as it is believed to be incorporated, organized, and existing with its principal place of business in Los Alamitos, California. Hansen is an interstate motor carrier with 41 terminals throughout the United States with over 1200 tractors and over 900 drivers. At the time of the subject incident, said Defendant was doing business in the State of Alabama.

9. Defendant Asmat Investment, LLC dba Asmat Express ("Asmat") is a citizen of Georgia as it is believed to be a limited liability company organized and existing with its principal place of business in Clarkson, Georgia. Alebachew Ademe is believed to be the single member of the LLC and is believed to be a citizen of Georgia. At the time of the subject incident, said Defendant was doing business in the State of Alabama.

10. Defendant Mamuye Ayane Takelu ("Takelu"), is over the age of nineteen years and is believed to be a resident citizen of Clarkson, Georgia.

Defendant Takelu was driving the Asmat truck and doing business in the State of Alabama.

## **JURISIDICTION**

11. This Court has subject matter jurisdiction of this civil action on the basis that the amount in controversy exceeds $75,000, and there is diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332.

12. Defendant Hansen had contacts with the State of Alabama and derived revenue from the State of Alabama and was doing business in Alabama by operating their truck in Alabama at the time of this crash.

13. Defendant Asmat had contacts with the State of Alabama and derived revenue from the State of Alabama and was doing business in Alabama by operating their truck in Alabama at the time of this crash.

14. Defendant Takelu had contacts with the State of Alabama and derived revenue from the State of Alabama and was doing business in Alabama by operating the Asmat truck in Alabama at the time of this crash.

### **Statement of the Facts**

15. On June 19, 2021, Plaintiff, Candice Gulley, was driving a 2017 Ford Transit van on behalf of the Alabama Sheriff's Girls Ranch ("Ranch

van") north on Interstate 65 near Greenville in Butler County, Alabama. The Ranch van was occupied by passengers I.G., B.G., M.B., D.N., H.M.L., and A.N.M., all children under the age of nineteen years.

16. Ms. Gulley and all of the children were properly wearing their seatbelt restraint systems at the time of the crash.

17. Just prior to the crash, the Ranch van was traveling in the left lane alongside a 2020 Volvo Truck tractor/trailer combination owned and operated by Defendant Hansen traveling north in the righthand (outside) lane.

18. The Ranch van was in the left lane adjacent to the trailer portion of the Hansen Volvo 18-wheeler.

19. Behind the Hansen truck and the Ranch van was the 18-wheeler operated by Mamuye Takelu who was employed by Asmat. At all times material, Defendant Takelu was operating the 18-wheeler under the authority of Asmat and under Asmat's DOT number.

20. As the vehicles approached a bridge on Interstate 65 over Pigeon Creek Road near milepost 138, traffic north of the bridge had slowed and stopped forming a que due to a series of minor crashes.

21. The Hansen truck failed to stop for the traffic and struck a 2020 Ford Explorer SUV and then veered into the left lane striking the Ranch van

occupied by Ms. Gulley, I.G., B.G., M.B., D.N., H.M.L., and A.N.M., and others.

22. After being struck by the Hansen truck, the Ranch van was struck by the Asmat/Takelu 18-wheeler from the rear.

23. A fire erupted during the collision which ultimately consumed the Ranch van, the 18-wheelers and other vehicles, as well as the children in the Ranch van.

24. Ms. Gulley was pulled from the Ranch van wreckage by bystanders. She then ran around the Ranch van to try to help the children escape the burning van. Because of the fire and the significant damage caused to the Ranch van by the Hansen and Asmat trucks, she was unable to extricate any of the children.

25. All the children were killed by the fire.

## COUNT ONE
### (Negligence)

26. Plaintiffs reallege all allegations contained in paragraphs 1 - 25 of the Complaint as if set out here in full.

27. Defendant Hansen's agent and driver, negligently operated his vehicle by failing to comply with the Alabama Rules of the Road.

28. Defendant Hansen's driver negligently operated his vehicle by failing to maintain his vehicle at a safe operating speed.

29. Defendant Hansen's driver negligently operated his vehicle by failing to keep a proper lookout.

30. Defendant Hansen's driver negligently operated his vehicle by being distracted and not paying proper attention.

31. Defendant Hansen's driver was driving the 18-wheeler too fast for the conditions at the time.

32. Defendant Hansen's driver negligently failed to comply with Code of Alabama § 32-5A-88 and § 32-5A-170.

33. Defendant Hansen's driver violated other numerous rules and regulations yet to be discovered in the course of this case.

34. The Hansen vehicle was not, but should have been, equipped with computer aided technologies (CTA) such as automatic braking systems, warning systems, and other avoidance systems.

35. The Hansen vehicle was not properly maintained in a safe working condition.

36. At all times material Candice Gulley was within the zone of danger and suffered the horrible experience of helplessly knowing her children and the other children were burning to death inside the Ranch van.

37. As a proximate consequence of the negligent acts and omissions described herein, the minor children were wrongfully killed and Candice Gulley received personal injuries including but not limited to severe scalp injuries, bruising, burns, pain, severe emotional and mental distress, permanent injuries and disfigurement.

WHEREFORE, Plaintiff Candice Gulley claims compensatory damages for her personal injury and damages for the wrongful death of the minor children in the amount the jury may award plus the cost of this action. Plaintiffs Tommy Gulley, Donald Burdette, Randall Norman, Brenda Norman, Stuart Albea as the Personal Representative of the Estate of H.M.L., and Jason Riggs as the Personal Representative of the Estate of A.N.M. claim all damages allowed under the Alabama Wrongful Death Act for the deaths of I.G., B.G., M.B., D.N., H.M.L., and A.N.M., plus the cost of this action.

## COUNT TWO
### (Wantonness)

38. Plaintiffs reallege all allegations contained in paragraphs 1 - 37 of the Complaint as if set out here in full.

39. Defendant Hansen's agent and driver wantonly operated his vehicle by failing to comply with the Alabama Rules of the Road.

40. Defendant Hansen's agent and driver wantonly operated his vehicle by failing to maintain his vehicle at a safe operating speed.

41. Defendant Hansen's agent and driver wantonly operated his vehicle by failing to keep a proper lookout.

42. Defendant Hansen's agent and driver wantonly operated his vehicle by being distracted and not paying proper attention.

43. The Hansen vehicle was not properly maintained and not equipped with available accident avoidance technology with knowledge of the need for such equipment.

44. Defendant Hansen's agent and driver wantonly drove the 18-wheeler too fast for the conditions at the time.

45. Defendant Hansen's agent and driver wantonly failed to comply with Code of Alabama § 32-5A-88 and § 32-5A-170.

46. Defendant Hansen's agent and driver wantonly violated other numerous rules and regulations yet to be discovered in the course of this case.

47. The Hansen vehicle was not properly maintained in a safe working condition.

48. At all times material Candice Gulley was within the zone of danger and suffered the horrible experience of helplessly knowing her children and the other children were burning to death inside the Ranch van.

49. As a proximate consequent of the wanton acts and omissions described herein, the minor children were wrongfully killed and Candice Gulley received personal injuries including but not limited to severe scalp injuries, bruising, burns, pain, severe emotional and mental distress, permanent injuries and disfigurement.

WHEREFORE, Plaintiff Candice Gulley claims all damages allowed by law including compensatory and punitive damages for her personal injury and damages for the wrongful death of the minor children in the amount the jury may assess plus the cost of this action. Plaintiffs Tommy Gulley, Donald Burdette, Randall Norman, Brenda Norman, Stuart Albea as the Personal Representative of the Estate of H.M.L., and Jason Riggs as the Personal Representative of the Estate of A.N.M. claim all damages allowed under the Alabama Wrongful Death Act for the deaths of I.G., B.G., M.B., D.N., H.M.L., and A.N.M., plus the cost of this action.

## COUNT THREE
(Negligence)

50. Plaintiffs reallege all allegations contained in paragraphs 1 - 49 of the Complaint as if set out here in full.

51. Defendants Takelu and Asmat negligently operated the Asmat 18-wheeler vehicle so as to cause a collision between their vehicle and the

Ranch van. Said Defendants negligently operated their vehicle by failing to comply with the Alabama Rules of the Road.

52. Defendants negligently failed to maintain their vehicle at the safe operating speed.

53. Defendants negligently operated their vehicle by failing to keep a proper lookout.

54. Defendants negligently operated their vehicle by following too close under Code of Alabama § 32-5A-89.

55. Defendants negligently operated their vehicle by being distracted and not paying proper attention.

56. Defendants negligently failed to comply with Code of Alabama § 32-5A-88 and § 32-5A-170.

57. The Asmat truck was not properly maintained and was not equipped with accident avoidance and other safety systems and technology.

58. Defendants violated other numerous rules and regulations yet to be discovered in the course of this case.

59. At all times material Candice Gulley was within the zone of danger and suffered the horrible experience of helplessly knowing her children and the other children were burning to death inside the Ranch van.

60. As a proximate consequence of the negligent acts and omissions described herein, the minor children were wrongfully killed and Candice Gulley received personal injuries including but not limited to severe scalp injuries, bruising, burns, pain, severe emotional and mental distress, permanent injuries and disfigurement.

WHEREFORE, Plaintiff Candice Gulley claims all damages allowed by law including compensatory damages for her personal injury and damages for the wrongful death of the minor children in the amount the jury may assess plus the cost of this action. Plaintiffs Candice Gulley, Tommy Gulley, Donald Burdette, Randall Norman, Brenda Norman, Stuart Albea as the Personal Representative of the Estate of H.M.L., and Jason Riggs as the Personal Representative of the Estate of A.N.M. claim all damages allowed under the Alabama Wrongful Death Act for the deaths of I.G., B.G., M.B., D.N., H.M.L., and A.N.M., plus the cost of this action.

## COUNT FOUR
### (Wantonness)

61. Plaintiffs reallege all allegations contained in paragraphs 1 - 60 of the Complaint as if set out here in full.

62. Defendants Takelu and Asmat wantonly operated the 18-wheeler vehicle so as to cause a collision between their vehicle and the Ranch van.

63. Said Defendants wantonly operated their vehicle by failing to comply with the Alabama Rules of the Road.

64. Defendants wantonly failed to maintain their vehicle at the safe operating speed.

65. Defendants wantonly operated their vehicle by failing to keep a proper lookout.

66. Defendants wantonly operated their vehicle by following too close under Code of Alabama § 32-5A-89.

67. Defendants wantonly operated their vehicle by being distracted and not paying proper attention.

68. Defendants wantonly failed to comply with Code of Alabama § 32-5A-88 and § 32-5A-170.

69. Approximate consequence of the wanton acts and omissions described herein, the minor children were wrongfully killed and Candice Gulley received personal injuries including but not limited to severe scalp injuries, bruising, burns, pain, severe emotional and mental distress, permanent injuries and disfigurement.

WHEREFORE Plaintiff Gulley claims all damages allowed by law including compensatory and punitive damages for the personal injury and damages for the wrongful death of the minor children in the amount the jury

may award plus the cost of this action. Plaintiffs Tommy Gulley, Donald Burdette, Randall Norman, Brenda Norman, Stuart Albea as the Personal Representative of the Estate of H.M.L., and Jason Riggs as the Personal Representative of the Estate of A.N.M. claim all damages allowed under the Alabama Wrongful Death Act for the deaths of I.G., B.G., M.B., D.N., H.M.L., and A.N.M., plus the cost of this action.

/s/ Jere L. Beasley
JERE L. BEASLEY (BEA020)

/s/ J. Greg Allen
J. GREG ALLEN (ALL021)

/s/ J. Cole Portis
J. COLE PORTIS (POR018)

/s/ Ben Baker
BENJAMIN E. BAKER, JR (BAK025)
Attorneys for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36104
(334) 269-2343
jere.beasley@beasleyallen.com
greg.allen@beasleyallen.com
cole.portis@beasleyallen.com
ben.baker@beasleyallen.com

## JURY DEMAND

PLAINTIFFS HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
OF COUNSEL

## DEFENDANTS TO BE SERVED VIA CERTIFIED RETURN RECEIPT MAIL

**HANSEN & ADKINS AUTO TRANSPORT, INC.**
c/o Corporation Service Company dba CSC – Lawyers Incorporating Service
251 Little Falls drive
Wilmington, DE 19808


**ASMAT INVESTMENT, LLC**
**DBA ASMAT EXPRESS**
c/o Registered Agent Alebachew Ademe
887 N Indian Creek Drive
Suite E
Clarkston, GA 30021


## DEFENDANT TO BE SERVED VIA PRIVATE PROCESS SERVER

**MAMUYE AYANE TAKELU**
929 Glynn Oaks Drive
Clarkston, GA 30021