IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CANDICE L. GULLEY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:21-cv-524-ECM |
| | ) | [WO] |
| HANSEN & ADKINS AUTO | ) | |
| TRANSPORT, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| KIMBERLY HARRIS, as Personal | ) | |
| Representative and Mother to M.B., | ) | |
| a deceased minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL CASE NO. 2:21-cv-602-ECM |
| | ) | |
| ASMAT INVESTMENT, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Now pending before the Court are motions to dismiss Plaintiff Kimberly Harris'
first amended complaint or in the alternative for more definite statement filed by Defendant
Hansen & Adkins, Inc., (doc. 106), Defendant Royal Truck Leasing, LLC, (doc. 107), and
Defendant Hansen & Adkins Auto Logistics, Inc., (doc. 108); Plaintiff Kimberly Harris'
motion for leave to recast a corrected first amended complaint, or alternatively, file a
second amended complaint, (doc. 93); and Plaintiff Kimberly Harris' motion to withdraw
her supplemental exhibit to motion for leave and supplement to plaintiff's motion for leave
to recast a corrected first amended complaint, or alternatively, file a second amended

complaint, (doc. 121), which the Court construes as a motion for leave to file a second amended complaint.

In her most recent motion for leave, (doc. 121), the Plaintiff includes a proposed second amended complaint in which she seeks to bring claims against a new defendant, James B. Woodfork.  The Plaintiff asserts that adding Mr. Woodfork as a defendant will destroy diversity because Mr. Woodwork and the Plaintiff are both Alabama citizens.[1] Upon review of the proposed second amended complaint, it appears that the allegations are insufficient for this Court to determine the citizenship of either the Plaintiff or the proposed new defendant, Mr. Woodfork.

In her proposed second amended complaint, the Plaintiff seeks to bring claims as personal representative of M.B., a deceased minor. (Doc. 121 at 8, para. 1).  In a suit brought by a representative, the plaintiff's citizenship is determined by the represented person's citizenship. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.").  The proposed second amended complaint does not adequately plead the Plaintiff's citizenship because it sets forth only the citizenship of the representative (Kimberly Harris) and not the citizenship of the deceased minor child, (doc. 121 at 8, para. 1).

---

[1] The Plaintiff has also filed a motion to remand this case to state court should the Court grant her motion for leave to file a second amended complaint. (Doc. 122).

Additionally, the Plaintiff seeks to bring claims against a new defendant, James B. Woodfork.  For diversity purposes, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (per curiam).  In the proposed second amended complaint, the Plaintiff references only Mr. Woodfork's residence. (Doc. 121 at 9, para. 6).  Therefore, the proposed second amended complaint does not adequately plead Mr. Woodfork's citizenship because it sets forth only Mr. Woodfork's residence.

Accordingly, upon consideration of the motions, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's motion (doc. 121) is GRANTED to the extent that the Plaintiff is granted leave to file a second amended complaint, but the Plaintiff is admonished to correct the pleading deficiencies identified in this Order in her second amended complaint;

2. On or before **April 29, 2022**, the Plaintiff shall file, as a separate docket entry, a second amended complaint which is complete unto itself and complies with this Order;

3. The Plaintiff's motion (doc. 93) is DENIED as moot;

4. The motions to dismiss filed by Defendant Hansen & Adkins, Inc., (doc. 106), Defendant Royal Truck Leasing, LLC, (doc. 107), and Defendant Hansen & Adkins Auto Logistics, Inc., (doc. 108), are DENIED as moot.

DONE this 26th day of April, 2022.

                              /s/ Emily C. Marks
                              _____

EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE