IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CANDICE L. GULLEY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:21-cv-524-ECM |
| | ) [WO] |
| HANSEN & ADKINS AUTO | ) |
| TRANSPORT, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| BRANDY LEE DUNNAVANT, as mother, sole legal custodian, next friend and representative of J.A.D. and N.P.D., minor children who are now deceased, | ) ) ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:21-cv-530-ECM |
| | ) |
| HANSEN & ADKINS AUTO | ) |
| TRANSPORT, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| KIMBERLY HARRIS, as Personal Representative and Mother to M.B., a deceased minor, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:21-cv-602-ECM |
| | ) |
| ASMAT INVESTMENT, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| HAYLE MORGAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 2:21-cv-652-ECM |
| ) | |
| HANSEN & ADKINS AUTO ) | |
| TRANSPORT, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Now pending before the Court is Defendant Mamuye Takelu and Asmat Investment LLC's (hereinafter "Defendants") motion to vacate the Court's April 8, 2022 Order granting motions to dismiss without prejudice filed by the *Gulley* Plaintiffs, Plaintiff Brandy Lee Dunnavant, and the *Morgan* Plaintiffs (collectively, "Plaintiffs"), (doc. 126). The Court construes the Defendants' motion as a response in opposition to the Plaintiffs' motions to dismiss.

The Plaintiffs moved the Court to voluntarily dismiss their cases without prejudice so they could refile in state court. (Docs. 112, 113, & 114). The Plaintiffs represented that they wanted to sue a new defendant who is an Alabama citizen, which would divest this Court of diversity jurisdiction. On April 8, 2022, the Court granted the Plaintiffs' motions. (Doc. 115). The Defendants now oppose the unconditional dismissal of these cases, arguing that the Court should vacate its prior Order and grant the Plaintiffs' motions only on certain conditions.

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Court

2

"enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam). "In exercising its 'broad equitable discretion under Rule 41(a)(2),'" the Court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 1256 (citation omitted).

The Defendants request that the Court impose several conditions on the dismissal of these cases: two related to discovery and one related to consolidation. The Defendants request that the Court (1) require the Plaintiffs to stipulate that, in any subsequent state court actions, the parties will use discovery already produced in the federal cases; and (2) require the Plaintiffs to promise not to propound discovery requests in any subsequent state court actions that are duplicative of discovery already done in the federal cases. The Defendants contend that these conditions are warranted because they have already expended considerable time and expense conducting discovery in the federal cases. Second, the Defendants request that the Court require the Plaintiffs to "proceed as one consolidated group of Plaintiffs in a single state-court action." (Doc. 126 at 7). The Defendants contend that this condition will help avoid the "needless duplication of effort and expense that will result from three distinct state-court cases being filed in one or more venues in Alabama." (*Id.*).

The Court finds that none of these conditions are appropriate in these circumstances. The Defendants' requested conditions would amount to a federal court exercising influence

or control over the state court's management of its proceedings, which the Court finds both inappropriate and unnecessary here. The appropriate course is for the Defendants to seek their requested relief from the state court if the Plaintiffs refile there, thereby allowing the state court to decide how to manage the proceedings before it, including issues pertaining to discovery, consolidation, or both. Thus, the Court in its discretion declines to impose the conditions requested by the Defendants. Consequently, the Court declines to vacate its prior dismissal Order.

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that the Defendants' motion (doc. 126) is DENIED.

DONE this 2nd day of May, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE